UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA BONK,

    Plaintiff,                                    Hon. Phillip J. Green

v.

                                            Case No. 1:18-cv-1021

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision will be affirmed.

# **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight.

*See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and it indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 49 years of age on her alleged disability onset date. (ECF No. 5-5, PageID.189). She successfully completed high school and worked previously as a receptionist and administrative clerk. (ECF No. 5-2, PageID.46). Plaintiff applied for benefits on May 8, 2015, alleging that she had been disabled since January 5, 2015, due to arthritis, chronic pain, peripheral neuropathy, high blood pressure, diabetes, irritable bowel syndrome, migraines, right foot tendonitis, and severe back pain. (PageID.189-93, 233). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.96-187). On August 21, 2017, Plaintiff appeared before ALJ Keven Vodak with testimony being offered by Plaintiff and a vocational expert. (PageID.54-94). In a written decision dated January 24, 2018, the ALJ determined that Plaintiff was not disabled. (PageID.37-48). The Appeals Council declined to review the ALJ's

determination, rendering it the Commissioner's final decision in the matter. (PageID.21-27). Plaintiff timely filed this appeal.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from the following severe impairments: (1) degenerative disc disease of the cervical spine; (2) lumbar spondylosis; (3) osteoarthritis in the bilateral knees; (4) calcaneal spur on the right foot; (5) diabetes mellitus; and (6) obesity. The ALJ also determined the impairments, whether considered alone or in combination with other impairments, failed to satisfy the requirements of the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.40-42).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) during an eight-hour workday, she can stand/walk for four hours; (2) she needs to alternate from a sitting position every hour, stand for two to three minutes, and then return to sitting; (3) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (4) she can occasionally balance, stoop, kneel, crouch, and crawl; and (5) she can have no exposure to unprotected heights or moving mechanical parts. (PageID.42).

The ALJ found that Plaintiff was unable to perform her past relevant work, at which point the burden shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications

to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there are some 720,000 jobs in the national economy that an individual with Plaintiff's RFC could perform. (PageID.85-93). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ determined that Plaintiff was not entitled to disability benefits.

**I.        Plaintiff is Not Entitled to a Sentence Six Remand**

Before the Appeals Council, Plaintiff submitted the results of an MRI of her lumbar spine performed four weeks after the ALJ issued his decision. (PageID.21-24, 33). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. Plaintiff's sole argument on appeal is that this matter should be remanded for further findings based upon this single item of evidence.

In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also, Miller v. Commissioner of Social Security*, 811 F.3d 825, 839 (6th Cir. 2016) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *See Miller*, 811 F.3d at 839 (quoting 42 U.S.C. § 405(g)). To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the ALJ would have reached a different result if presented with the new evidence. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff bears the burden of establishing entitlement to a sentence six remand. *See Smith v. Commissioner of Social Security*, 473 Fed. Appx. 443, 445 (6th Cir., Apr. 2, 2012). While there is no dispute that the evidence in question is new, Plaintiff is not entitled to relief because she cannot meet her burden to establish that the evidence is material or that there exists good cause for her failure to obtain the evidence previously.

    A.    <u>Materiality</u>

With respect to Plaintiff's lumbar spine impairment, the record before the ALJ was not extensive. A June 27, 2015, examination revealed minimal findings with no evidence of radiculopathy in Plaintiff's upper or lower extremities. (ECF No. 5-8,

PageID.362-66). X-rays of Plaintiff's lumbar spine, taken on August 6, 2015, revealed only "mild" lumbar spondylosis with no evidence of misalignment or vertebral body abnormality. (PageID.372). Treatment notes dated November 10, 2016, indicate that straight leg raising and Faber's test were both negative. (PageID.403).

On May 16, 2017, Plaintiff reported that she recently began experiencing symptoms of lumbar radiculopathy. (ECF No. 5-10, PageID.484). X-rays of Plaintiff's lumbar spine, taken the same day, revealed "marked hypertrophic facet arthrosis at L4-5 and L5-S1," but no evidence of misalignment or significant disc space narrowing. (PageID.507). Plaintiff's medication regimen was modified and Plaintiff's doctor further noted that an MRI of Plaintiff's lumbar spine may be necessary if her lumbar symptoms were not controlled with medication. (PageID.484). Plaintiff's pain medication was adjusted again on June 1, 2017. (PageID.509-24). The record before the ALJ contains no subsequent treatment notes.

On February 22, 2018, four weeks after the ALJ issued his decision, Plaintiff participated in an MRI examination of her lumbar spine the results of which revealed "mild" to "severe" stenosis from L3-4 through L5-S1. (PageID.33). While this evidence supports the argument that Plaintiff's lumbar symptoms deteriorated between May 2017, and February 2018, Plaintiff has failed to demonstrate that it is reasonable to conclude that the ALJ would have reached a different result if presented with the results of this particular examination.

In her initial and reply briefs, Plaintiff argues that, had the ALJ considered this evidence, he may very well have imposed on Plaintiff an RFC limiting her to sedentary work. (ECF No. 8 at PageID.543; ECF No. 11 at PageID.564). This argument overlooks, however, the fact that all the jobs the vocational expert identified that Plaintiff could do despite her impairments were *sedentary* positions. (PageID.85-93). Thus, even if the Court assumes that the ALJ may have articulated a more restrictive RFC, such does not lead to the conclusion that a different outcome would have resulted.

### B. Good Cause

With respect to good cause, Plaintiff argues that she "actively attempted" to obtain an MRI of her lumbar spine "for over six months" prior to the ALJ's decision, but was thwarted by "the inefficacy of her [medical] insurance." (ECF No. 8 at PageID.546-47). The shortcoming with this argument, however, is that it is premised upon speculation rather than evidence.

While Plaintiff asserts that she attempted to obtain an MRI for several months prior to the ALJ's decision, she has identified no evidence in support thereof. There is no indication that Plaintiff brought this to the ALJ's attention prior to the administrative hearing. Likewise, Plaintiff did not discuss this topic in her hearing testimony. Plaintiff did not request at the conclusion of the administrative hearing, or any time thereafter, that the ALJ hold the record open so that could attempt to obtain an MRI. Furthermore, while Plaintiff could have obtained from her doctor evidence supporting her argument, she has failed to do so. Instead, the only

evidence regarding the procurement of the MRI is the statement by Plaintiff's doctor, referenced above, that he would consider an MRI only if conservative treatment proved ineffective. That Plaintiff's doctor apparently waited until after the ALJ's decision to obtain an MRI suggests that Plaintiff's pain was reasonably controlled during the time period at issue. This undermines Plaintiff's arguments as to both the good cause and materiality elements.

Plaintiff did testify at the hearing that her medical insurance "isn't that wonderful." (PageID.77). The Court does not want to minimize the impact that medical insurance can have on an individual's ability to obtain care and treatment. Nevertheless, this vague statement is insufficient to satisfy Plaintiff's burden. There is simply no evidence that Plaintiff's medical insurance was an impediment to obtaining an MRI or otherwise delayed the procurement of such. While the Court is not suggesting that Plaintiff acted improperly in this matter, given the lack of evidence in support of her argument it cannot be ruled out that Plaintiff simply procured this new evidence as a rebuttal to the ALJ's decision. *See, e.g., Gradascevic v. Commissioner of Social Security*, 2017 WL 4946577 at *4 n.7 (E.D. Mich., July 31, 2017) ("post-decision evidence created for the purpose of rebutting an ALJ's decision does not satisfy the good cause requirement of § 405(g)"); *Helton v. Commissioner of Social Security*, 2016 WL 6080213 at *10 (E.D. Mich., Feb. 19, 2016) (the submission of new evidence in an "attempt to have the last word" is insufficient to establish good cause).

In sum, and for the reasons articulated herein, the Court finds that Plaintiff has failed to demonstrate that the February 22, 2018, MRI of her lumbar spine constitutes material evidence, or that there exists good cause for her failure to present such to the ALJ. Accordingly, Plaintiff is not entitled to a sentence six remand.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed. A judgment consistent with this opinion will enter.


Dated: April 17, 2019         /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge